

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00056-CR
### No. 10-10-00057-CR

**JAMES EDWARD MOTT,**

                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                        **Appellee**


### From the 40th District Court
### Ellis County, Texas
### Trial Court Nos. 33092CR and 33093CR


## MEMORANDUM OPINION


In Cause No. 10-10-00056-CR, the jury convicted James Edward Mott of burglary of a habitation and assessed his punishment at 80 years in prison. TEX. PENAL CODE ANN. 30.02(a) (Vernon 2003). In Cause No. 10-10-00057-CR, the jury convicted Mott of tampering with a governmental record and assessed his punishment at 5 years in prison. TEX. PENAL CODE ANN. 37.10(a) (Vernon Pamph. 2010). We affirm.

### BURGLARY OF A HABITATION

Mott asserts two issues on appeal for his conviction of burglary of a habitation.

Mott first argues that the evidence is legally and factually insufficient to support his conviction. Mott argues in his second issue that he received ineffective assistance of counsel.

**Sufficiency of the Evidence**

Mott argues that the evidence is legally and factually insufficient to support his conviction. The Court of Criminal Appeals has recently decided that the *Jackson v. Virginia* legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense. *Brooks v. State*, No. PD-0210-09, 2010 WL 3894613 (Tex. Crim. App. Oct. 6, 2010). Therefore, we will review Mott's sufficiency argument under the standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979).

In reviewing the legal sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. at 319; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Furthermore, we must consider all the evidence admitted at trial, even improperly admitted evidence, when performing a legal sufficiency review. *Clayton v. State*, 235 S.W.3d at 778; *Moff v. State*, 131 S.W.3d 485, 489-90 (Tex. Crim. App. 2004). The standard of review is the same for direct and circumstantial evidence cases; circumstantial evidence is as probative as direct evidence in establishing an actor's guilt. *Clayton v. State*, 235 S.W.3d at 778; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

Richard and Kay Jones were out of town and their son, Kevin, went by their house. Kevin noticed that the entry door of the house was open and that the glass pane on the door was broken. Kevin called the Ellis County Sheriff's office and his parents.

Kay testified that when she and Richard returned home, they went through each room of the house to determine missing items. The missing items included a laptop computer, two cameras, jewelry, a pistol, and numerous personal documents. Richard and Kay also testified that unique commemorative coins were taken and a gold Krugerrand coin. The commemorative coins were from a Las Vegas casino.

The Jones's neighbor testified that on the day of the burglary, he saw a white Chevrolet pickup at the Jones's house. The neighbor saw a man who appeared to be between the ages of twenty-five and thirty walking to the pickup from the Jones's house.

The Desoto police recovered a white 2004 Chevrolet pickup that had been reported stolen. Located inside the pickup were various documents belonging to the Joneses including the birth and death certificates of Richard's parents, a driver's license and military discharge papers for Richard's father, and a wedding photograph of Richard's parents.

Lieutenant Jason Westmoreland, with the Ellis County Sheriff's office, testified that he interviewed Macy Martin as part of his investigation of the burglary at the Jones's house. Lieutenant Westmoreland asked Macy if she had any information about coins. Macy told Lieutenant Westmoreland that her mother, Christy, and Mott sold some coins at the Dallas Gold and Silver Exchange. Macy also told Lieutenant

Westmoreland that Mott was driving a white Chevrolet pickup.

Lieutenant Westmoreland obtained surveillance video from the Dallas Gold and Silver Exchange. He identified Mott and Christy in the video. The day after the burglary of the Jones's house, Mott sold gaming coins and a gold Krugerrand to the Dallas Gold and Silver Exchange.

Lieutenant Westmoreland obtained a warrant for Mott's arrest. He executed the search warrant near a pawnshop where Mott was attempting to sell a four-wheeler ATV. Mott was driving a black Ford pickup that had been reported stolen. Lieutenant Westmoreland found various documents in the pickup including titles to various vehicles. He also found an altered driver's license. Lieutenant Westmoreland testified that Mott had on his person a driver's license with his picture, but another person's name. The State offered into evidence a picture of Mott's driver's license with the picture cut out. The State also offered into evidence the driver's license of another person with Mott's picture taped onto the license. Mott's license had been suspended, but the other license containing Mott's picture was valid.

Kay Jones testified that after hearing that an arrest had been made in the burglary of her home, she asked to see a picture of the person arrested. Kay testified that she recognized the person in the photograph shown to her. Kay stated that that person had come to her house approximately a week before the burglary. The person rang the doorbell, but Kay did not answer the door. Kay observed the person through a window near the door.

Mott argues that there is no physical evidence linking him to the burglary.

Circumstantial evidence is as probative as direct evidence in establishing an actor's guilt. *Clayton v. State*, 235 S.W.3d at 778; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Items from the Jones's home were located in a white Chevrolet pickup linked to Mott. Mott sold various coins and a gold Krugerrand coin the day after the burglary, and those items were taken from the Jones's home. Viewing all of the evidence, we find that there is sufficient evidence to support Mott's conviction for burglary of a habitation. We overrule Mott's first issue on appeal.

**Ineffective Assistance of Counsel**

To determine if trial counsel rendered ineffective assistance, we must first determine whether Mott has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Strickland v. Washington*, 466 U.S. 668 (1984). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Mott must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Stafford v. State*, 813 S.W.2d 503, 508-09 (Tex. Crim. App. 1991). An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

Mott specifically argues that his trial counsel was ineffective in failing to object to evidence of extraneous offenses and in failing to move to suppress the suggestive pre-trial identification of Mott.

Mott contends that his trial counsel was deficient in failing to object to testimony about stolen items other than those belonging to the Joneses recovered in the white Chevrolet pickup, testimony about items in the black Ford pickup at the time of Mott's arrest, testimony that the black Ford pickup was reported stolen, and testimony of illegal drug use.

Mott has not established that some of the complained of evidence was inadmissible. Mott was on trial for tampering with a governmental record and, therefore, some of the complained of documents are not clearly inadmissible. *See* TEX. R. EVID. 404(b). Trial counsel elicited testimony to discredit the evidence identifying Mott as the person who committed the burglary. Trial counsel questioned Macy about her drug use and her motive to implicate Mott in the burglary of the Jones's home. Mott has not shown that his trial counsel's decisions were not based upon sound trial strategy. *See Scott v. State*, 57 S.W.3d 476, 484 (Tex. App.—Waco 2001).

Kay Jones testified that she asked to see a picture of the person arrested for the burglary of her home. Kay was not shown a photo lineup for identification purposes. Kay was not a witness to the burglary. Trial counsel thoroughly cross-examined Kay about her recollection of the person at the door. Trial counsel asked if the person had any tattoos, and Kay stated that he did not. Trial counsel introduced evidence that Mott has a tattoo under his eye. Mott has not shown that he received ineffective assistance of counsel. We overrule Mott's second issue on appeal.

## TAMPERING WITH A GOVERNMENTAL RECORD

Mott brings three issues on appeal challenging his conviction for tampering with

a governmental record. Mott argues that the evidence is legally and factually insufficient to support his conviction and that the trial court erred in denying his request for an instruction on a lesser-included offense.

**Sufficiency of the Evidence**

We will review Mott's sufficiency argument under the standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). A person commits the offense of tampering with a governmental record if he knowingly makes a false entry in, or false alteration of, a governmental record. TEX. PENAL CODE ANN. § 37.10(a)(1) (Vernon Pamph. 2010). Committing the offense with intent to defraud or harm another increases the penalty range for the offense. TEX. PENAL CODE ANN. § 37.10(c) (Vernon Pamph. 2010). The indictment alleged that Mott "did then and there, with intent to defraud or harm another, namely, the State of Texas, knowingly make a false alteration of a governmental record."

Mott argues there is no evidence indicating his intent to use or present the altered driver's license in an effort to defraud anyone. Mott argues that the State was required to show he used the license in order to prove intent to defraud or harm another.

The State can establish intent to defraud or harm by circumstantial evidence. *Burks v. State*, 693 S.W.2d 932, 936 (Tex. Crim. App. 1985); *Wingo v. State*, 143 S.W.3d 178, 187 (Tex. App.—San Antonio 2004), *affirmed*, 189 S.W.3d 270 (Tex. Crim. App. 2006). Mott was in possession of an altered driver's license. Mott cut out his picture from his suspended driver's license and attached it to another person's valid license.

Such an act shows an intent to defraud the State of Texas as to Mott's identity and as to his possession of a valid driver's license. The evidence is sufficient to support Mott's conviction.

Mott also challenges the sufficiency of the evidence arguing that there is a material variance between the pleading and proof. A variance occurs when there is a discrepancy between the allegations in the charging instrument and the proof at trial. *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). We treat variance claims as a problem with the sufficiency of the evidence. *Id*. A variance that is not prejudicial to a defendant's substantial rights is immaterial. *Gollihar v. State*, 46 S.W.3d at 248. In determining whether a defendant's substantial rights have been prejudiced we consider whether (1) the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial, and (2) whether prosecution under the indictment as drafted would subject the defendant to the risk of being prosecuted later for the same crime. *Id*.

When an intent to defraud is an element of an offense, it is sufficient to allege an intent to defraud without naming the particular person intended to be defrauded. TEX. CODE CRIM. PRO. ANN. 21.05 (Vernon 2009). The State was not required to allege in the indictment that Mott acted with intent to defraud the State of Texas. Mott contends that there is no proof that the State of Texas was harmed or defrauded as alleged in the indictment resulting in a material variance.

Mott's driver's license was suspended by the State of Texas. Mott altered a driver's license to portray a license valid in the State of Texas. The indictment stated

that Mott made a false alteration of a governmental record by placing his photograph on the driver's license of another individual. Although the State was not required to allege that Mott intended to defraud the State of Texas, the indictment informed Mott of the charge against him sufficiently to allow him to prepare an adequate defense at trial. We overrule Mott's first and second issues.

**Lesser-Included Offense**

Mott requested a jury instruction on the lesser offense of tampering with a governmental record without intent to harm or defraud another. Committing the offense with the intent to defraud or harm another increases the penalty range of the offense. A defendant is entitled to a charge on a lesser offense only if the elements of the lesser offense are included within the proof necessary to establish the offense charged and only if there is some evidence that would permit the jury rationally to find that, if the defendant is guilty, he is guilty only of the lesser offense. *See Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993).

The parties agree that the only question before us is whether there is some evidence Mott is guilty only of the lesser offense. There is no evidence Mott altered the driver's license for any purpose other than to portray that he possessed a valid license. The trial court did not err in denying the requested instruction.

**CONCLUSION**

We affirm the trial court's judgments.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed
Opinion delivered and filed December 15, 2010
[CRPM]
Do not publish